IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 MAY 21 PM 3:24

Civil Action No. _____

(To be supplied by the court)

<u>ANGELA NICOLE LINZY</u>
<u>PRO SE</u>
Plaintiff

v.

Jury Trial requested:

(Please check one)

_ _ Yes _X_ No

__"see attached"_____,

_____,

_____,

_____,

*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

_____

OFFICER HAYLIE MONTOYA (21067),

OFFICER CAROLYN WRIGHT (20019),

CORPORAL CLAIRE ISAACSON (16070),

SERGEANT CHAD KURODA (01062),

LEAD DETECTIVE CRYSTAL RAYMOND (07025),

CITY AND COUNTY OF DENVER,

DEFENDANTS.

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## COMPLAINT

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Angela Nicole Linzy

15017 E Stanford Dr. Aurora CO, 80015

720-625-0601 mslinzy0@gmail.com

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Officer Haylie Montoya (21067)

12025 E 45th Ave. Denver CO, 80239

720-913-1400 5Dist@denver.org

Defendant 2: Officer Carolyn Wright (22019)

12025 E 45th Ave. Denver CO, 80239

720-913-1400 5Dist@denver.org

Defendant 3: Corporal Claire Isaacson (16070)

12025 E 45th Ave. Denver CO, 80239

720-913-1400 5Dist@denver.org

Defendant 4: Sergeant Chad Kuroda (01062)

12025 E 45th Ave. Denver CO, 80239

720-913-1400 5Dist@denver.org

## B. DEFENDANT(S) INFORMATION

Defendant 5:    Lead Detective Crystal Raymond (07025)

12025 E 45th Ave. Denver CO, 80239

720-913-1400 5Dist@denver.org

Defendant 6:

City and County of Denver

1437 Bannock St. Denver CO, 80202

720-913-5514 generalservices@denvergov.org

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

☒ question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

This action arises under 42 U.S.C. §§ 1983 and 1985 and the Fourteenth Amendment.
The Court has subject-matter jurisdiction under 28 U.S.C. § 1331.
Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because all events complained of occurred in Denver County, Colorado.

_____

_____

☐ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of_____.

If Defendant 1 is an individual, Defendant 1 is a citizen of_____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of_____(name of state or foreign nation).

Defendant 1 has its principal place of business in_____(name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: 42 U.S.C. § 1983 (Procedural Due Process: Deliberate Indifference & Falsified Records)

Supporting facts:

- The Fourteenth Amendment requires that state actors accurately record known serious medical needs and refer injured persons for care.

- Defendants Montoya, Isaacson, Kuroda, and Raymond, acting under color of state law, had actual knowledge of both collisions but deliberately omitted all reference to them from GO#2024-288789, GO#2024-288763, GO#2024-288806 and allowed the file to remain inactive.

- Their conduct constitutes deliberate indifference to my serious medical needs and a falsification of public records, depriving me of due process.

- Qualified immunity does not protect these defendants because it was clearly established that officers may not ignore or erase a visibly injured victim from an official crash report.

CLAIM TWO:    42 U.S.C. § 1983 (Substantive Due Process: State-Created Danger)

Supporting facts:

- The Fourteenth Amendment prohibits government actors from affirmatively increasing a private party's risk of harm.

- Defendants Montoya and Isaacson left me stranded in live, high-speed lanes without cones, flares, or EMS coordination.

- Defendants Kuroda and Raymond both had a duty and a chance to correct the missing information.

- These affirmative failures substantially increased my risk of further harm, directly aggravating my concussion and nerve damage.

- Qualified immunity is unavailable because a reasonable officer would know that abandoning a visibly injured motorist in active lanes violates substantive due-process rights.

CLAIM THREE:   42 U.S.C. § 1985(3) (Conspiracy to Deprive Equal Protection)

Supporting facts:

- The Fourteenth Amendment guarantees equal protection of the laws.

- Defendants Montoya and Isaacson and Wright, agreed to suppress evidence in both collisions by omitting me from the crash report while properly documenting other motorists and details

- Defendants Kuroda and Raymond joined that agreement by self-approving and perpetuating the inactive, incomplete file.

- Their coordinated scheme is apparent and part of a much larger systemic issue that seems intentional and agreed upon any reasonable officer would not deny me the same legal protections given to other victims On the scene (Officer Haylie Montoya).

CLAIM FOUR:  Monell Liability, 42 U.S.C. § 1983 (Municipal Custom or Policy)

- Supporting facts: DPD's persistent policy inertia—documented by the audit findings—directly enabled the omissions in GO #2024-288789. The department's refusal to enforce or update its training and supervisory policies served as the moving force behind the constitutional deprivations against me.

- In sum, the 2023 audit and subsequent January 2025 follow-up validate a Monell claim by documenting the very policy and training failures that allowed DPD officers to violate my rights with impunity.

- This deliberate indifference by the Denver Police is a systemic issue that was pointed out in the 2023 Audit of the department and is the moving force behind the constitutional deprivations in Counts I and II and directly caused my undetected injuries, delayed treatment, and loss of remedies.

- The City is therefore liable under Monell for these unconstitutional customs and policies.

### E. REQUEST FOR RELIEF

State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."

WHEREFORE, I the Plaintiff respectfully prey that the Court:

a. Declare that Defendants violated my rights under the Fourteenth Amendment and 42 U.S.C. §§ 1983 and 1985;

b. Award compensatory damages for past medical Expenses: $66,294 and future medical expenses.

c. Future Lost Wages unable to return to janitorial field of work: ~$430,000

d. Award punitive damages against each individual-capacity defendant

e. Economic Damages: $750,000–$1,000,000 (pain and suffering, loss of enjoyment of life)

f. Any other relief the Court deems just and proper.

## F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a no frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

5·21·25
_____
(Date)

(Revised December 2017)