IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01613-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may delay the consideration of your claims.**)

ANGELA NICOLE LINZY,

    Plaintiff,

v.

OFFICER HAYLIE MONTOYA (21067),
OFFICER CAROLYN WRIGHT (20019),
CORPORAL CLAIRE ISAACSON (16070),
SERGEANT CHAD KURODA (01062),
LEAD DETECTIVE CRYSTAL RAYMOND (07025),
CITY AND COUNTY OF DENVER,

    Defendants.

## ORDER TO FILE AMENDED COMPLAINT

Plaintiff Angela Nicole Linzy lives in Aurora, Colorado. On May 21, 2025, Plaintiff filed *pro se* a Complaint and paid the required filing fee. (ECF No. 1). The Court accordingly screens the complaint pursuant to D.C.COLO.LCivR 8.1(a).

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Plaintiff must file an amended Complaint.

1

I.     **COMPLAINT**

Plaintiff brings this lawsuit against several Denver police officers and the City and County of Denver. Plaintiff generally alleges that the defendants deliberately omitted her from official crash reports despite her being involved in the collisions, left her stranded in dangerous traffic conditions, and deprived her of proper medical documentation and due process rights. (*See* ECF No. 1). Plaintiff asserts four claims for relief against the individual officers and the City and County of Denver for civil rights violations, claiming the officers conspired to falsify records and that the police department's systemic failures enabled this misconduct. (*Id.*).

Claim 1 asserts a § 1983 claim titled "Procedural Due Process: Deliberate Indifference & Falsified Records." (*Id.* at 7). As support, Plaintiff alleges that "Defendants Montoya, Isaacson, Kuroda, and Raymond, acting under color of state law, had actual knowledge of both collisions but deliberately omitted all reference to them from GO#2024-288789, GO#2024-288763, GO#2024-288806 and allowed the file to remain inactive." (*Id.*). Plaintiff contends that "[t]heir conduct constitutes deliberate indifference to my serious medical needs and a falsification of public records, depriving me of due process." (*Id.*).

Claim 2 asserts a § 1983 claim titled "Substantive Due Process: State-Created Danger." (*Id.* at 8). Plaintiff alleges that "Defendants Montoya and Isaacson left me stranded in live, high-speed lanes without cones, flares, or EMS coordination" and that "Defendants Kuroda and Raymond both had a duty and a chance to correct the missing

information." (*Id.*). Plaintiff asserts that "[t]hese affirmative failures substantially increased my risk of further harm, directly aggravating my concussion and nerve damage." (*Id.*).

Claim 3 asserts a civil conspiracy to deprive Plaintiff of equal protection in contravention of 42 U.S.C. § 1985. (*Id.* at 9). Plaintiff alleges a coordinated conspiracy among the defendants to suppress evidence and deny equal protection. The complaint states that "Defendants Montoya and Isaacson and Wright, agreed to suppress evidence in both collisions by omitting me from the crash report while properly documenting other motorists and details" and that "Defendants Kuroda and Raymond joined that agreement by self-approving and perpetuating the inactive, incomplete file." (*Id.*). Plaintiff maintains that this represents "a coordinated scheme" that appears "intentional and agreed upon" and constitutes unequal treatment compared to other crash victims. (*Id.*).

Claim 4 is titled "Monell Liability, 42 U.S.C. § 1983 (Municipal Custom or Policy)." (*Id.* at 10). This claim targets the City and County of Denver, alleging that "DPD's persistent policy inertia—documented by the audit findings—directly enabled the omissions in GO #2024-288789" and that "[t]he department's refusal to enforce or update its training and supervisory policies served as the moving force behind the constitutional deprivations against me." (*Id.*). Plaintiff contends that "[t]his deliberate indifference by the Denver Police is a systemic issue that was pointed out in the 2023 Audit of the department" and directly caused her constitutional injuries. (*Id.*).

As relief, Plaintiff seeks a declaration that her constitutional rights were violated, compensatory damages for past and future medical expenses ($66,294 plus future costs), lost wages ($430,000), economic damages for pain and suffering ($750,000-$1,000,000), and punitive damages against the individual defendants. (*Id.* at 11).

The Court will now discuss the issues with Plaintiff's pleading.

## II.    PLEADING ISSUES

### A.    Rule 8

Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

In any amended pleading, Plaintiff must allege in a clear, concise, and organized manner what each defendant did to Plaintiff, when the defendant did it, how the defendant's actions (or inaction) harmed Plaintiff, what specific legal right Plaintiff believes the defendant violated, and what specific relief Plaintiff requests as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted). Similarly, Plaintiff must allege sufficient facts to meet the legal standard applicable to each asserted claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (cleaned up).

**B.    Personal Participation**

An issue closely related to Rule 8 is personal participation. Allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (explaining that individual liability must be based on personal involvement in the alleged constitutional violation). There is no vicarious liability under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (recognizing that "vicarious liability is inapplicable to *Bivens* and § 1983 suits"). Thus,

Plaintiff must allege specific facts that make clear who did what to whom. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013).

Furthermore, although a defendant can be liable based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). In the amended Complaint, Plaintiff must allege personal participation by each individually named defendant.

### C.     Individual Versus Official Capacity

"Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161, n. 5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 30, 27 (1991)).

### D.     Municipal Liability

Plaintiff sues a municipality, the City and County of Denver, in this § 1983 action. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). If Plaintiff wishes to pursue a § 1983 claim against a municipality, she must allege facts that show the existence of a policy or custom that directly caused the violation of a constitutional right. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20

(10th Cir. 1998). Local government entities are not liable under § 1983 solely because their employees or agents inflict injury on a plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (concluding "that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).

Plaintiff may recover against a municipality only if she demonstrates an injury caused by a policy or custom of the municipality. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013). "To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996). Further, Plaintiff cannot state a claim for relief against a municipality under § 1983 merely by pointing to an isolated incident. *See Monell*, 436 U.S. at 694.

### E. Legal Standards

The allegations necessary to establish a § 1983 claim vary with the claim's constitutional underpinning. *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which the defendant is charged.") (cleaned up). It appears that Plaintiff attempts to assert the following claims.

#### 1. *Due process claims.*

The Due Process Clause of the Fourteenth Amendment has both a substantive

and procedural component. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994). "Procedural due process ensures the state will not deprive a party of [life, liberty, or] property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of [life, liberty, or] property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000). "A protected interest in liberty or property may have its source in either federal or state law." *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012). "[A] state-created interest is not protected by the procedural component of the Due Process Clause unless the interest is an entitlement - that is, unless the asserted right to property or liberty is *mandated* by state law when specified substantive predicates exist." *Id.*

The standard for determining whether there has been a substantive due process violation is "whether the challenged government action shocks the conscience of federal judges." *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (quotations and citations omitted). Negligence is not sufficient to shock the conscience. *Id*. at 1184. In addition, "'a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power.'" *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998) (quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995)). "Even knowingly permitting unreasonable risks to continue does not necessarily rise to the level of conscience shocking." *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1235 (10th Cir. 2000).

The general rule is that the Due Process Clause imposes no duty on the state to aid or protect its citizens. *See DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 195-97 (1989) (holding that the Due Process Clause generally does not impose an affirmative duty on states to aid or protect their citizens). But there are two exceptions to the general rule: "when the state has assumed a special relationship with and control over an individual, as when the individual is in state custody, and when a state official created the very danger that caused the harm." *Id.* (quotations omitted). Two preconditions are necessary to establish a claim under the state-created danger doctrine: "that the state actor engaged in affirmative conduct and that there was private violence." *Id*. A plaintiff also must show:

> (1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specifically definable group; (3) defendant['s] conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscience shocking.

*Id.*

    2.  *Equal protection.*

"The equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1). It "is essentially a direction that all persons similarly situated should be treated alike[.]" *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an arguable equal protection claim, a plaintiff must first make a "threshold

showing" that he or she was treated differently from others with whom the plaintiff was similarly situated in all material respects. *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011); *see also Matelsky v. Gunn*, 15 F. App'x 686, 689 (10th Cir. 2001) (unpublished) ("In the absence of any specific allegations of differential treatment, the Equal Protection claim is patently inadequate under any of the three equal protection theories—fundamental rights, suspect classification, or 'class of one'—and was properly dismissed as frivolous."); *accord Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (stating that even in a "class of one" equal protection claim, the plaintiff must show that he "has been intentionally treated differently from others similarly situated").

    3. *Eighth Amendment.*

Plaintiff appears to claim that she was denied adequate medical treatment following a car accident, which led to an exacerbated concussion and nerve damage. But unless Plaintiff was a prisoner or otherwise confined in police custody, there is no general constitutional right to receive medical treatment. *Baldi v. City of Philadelphia*, 609 F. Supp. 162, 166 (E.D. Pa. 1985) ("There is no general constitutional right to receive medical treatment; therefore, when the failure or refusal to provide medical treatment is found to be a deprivation of constitutional rights, it necessarily stems from the state's control over the person (i.e., a prisoner or person otherwise confined in police custody.)").

    4. *42 U.S.C. § 1985 conspiracy claim.*

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive

plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). It is necessary to plead, *inter alia*:

> 1. that the conspiracy is motivated by a class-based invidiously discriminatory animus; and
>
> 2. that the conspiracy is aimed at interfering with rights that by definition are protected against private, as well as official, encroachment.

*Tilton*, 6 F.3d at 686. Conclusory allegations regarding a conspiracy are not sufficient to state an arguable claim under § 1985(3). *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) (noting that conclusory allegations of a conspiracy are not sufficient).

"The participants in the conspiracy must share the general conspiratorial objective . . . [t]o demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which [was] know[n] to each person who is to be held responsible for its consequences." *Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) (internal quotation marks and citation omitted). "[A]n underlying unlawful act is necessary to prevail on a civil conspiracy claim." *Peterson v. Grisham*, 594 F. 3d 723, 730 (10th Cir. 2010).

Plaintiff's amended pleading must allege sufficient facts to meet these standards.

### III. CONCLUSION

Accordingly, it is

ORDERED that Plaintiff file, within thirty (30) days from the date of this order, an amended Complaint that complies with all directives contained in this order. To be clear, Plaintiff must submit a single, complete Complaint on the court-approved form as one document that contains all claims and allegations. Plaintiff is advised that the Court is not required to sort through multiple pleadings to ascertain her claims or compile the required information from multiple documents. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the District of Colorado's Complaint Form (General Complaint), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Complaint that complies with this order within the time allowed, the action may be dismissed without further notice.

Finally, Plaintiff may contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

DATED May 28, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge