FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
8/19/2025
JEFFREY P. COLWELL, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:25-cv-01613-TPO
(To be supplied by the court)

ANGELA NICOLE LINZY PRO SE,
Plaintiff

v.

**Jury Trial requested**
(please check one)
___ Yes __X_ No

"See Attached ",
Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

## SECOND AMENDED COMPLAINT

---

### NOTICE

Or Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

1

CITY AND COUNTY OF DENVER,

DENVER POLICE DEPARTMENT,

OFFICER HAYLIE MONTOYA #21067,

OFFICER MATTHEW KEELING #20019,

OFFICER GREGORY BLACK #15004,

CORPORAL CLAIRE ISAACSON #16070,

CORPORAL KARL ROLLER #94016,
Defendant Carl Roller was, at all relevant times, a police officer with the Denver Police Department, acting under color of state law. Upon information and belief, he is now retired. His last known address is [12025 E 45th Ave. Denver Co, 80239].

OFFICER CAROLYN WRIGHT #20019
Defendant Carolyn Wright was, at all relevant times, a police officer with the Denver Police Department, acting under color of state law. Upon information and belief, she has since moved out of state. Her last known address is [12025 E 45th Ave. Denver Colorado, 80239], and Plaintiff will supplement this information as necessary.

OFFICER KEERI MISIANO #21018,

SERGEANT JESSICA SANCHEZ #07064,

SERGEANT DAVID WASHECHEK #04060,

SERGEANT CHAD KURODA #01062,

SERGEANT MATTHEW TRUJILLO #07056,

SERGEANT ALEN MA #13001,

SERGEANT KEVIN M. KIRBY #06042,

DETECTIVE CRYSTAL RAYMOND #07025,

SERGEANT JAMES ARMSTRONG, JR. #13053,
Defendants.

## NOTICE REGARDING PRECEDENT-SETTING SIGNIFICANCE

This action seeks redress for violations of clearly established constitutional rights while presenting important questions regarding the application of established civil rights doctrine to modern police operations, digital documentation practices, and municipal accountability. Under the Supreme Court's holding in Hope v. Pelzer, 536 U.S. 730 (2002), the constitutional violations alleged herein are so obviously unlawful that qualified immunity cannot shield defendants, even without factually identical precedent. Plaintiff respectfully advises the Court that resolution of these claims will provide essential published guidance for future courts, municipalities, and law enforcement agencies confronting similar constitutional questions in the evolving landscape of emergency response and civil rights enforcement

### A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Angela Nicole Linzy Pro Se
15017 E Stanford Dr. Aurora CO, 80015
    (Name and complete mailing address)

7290-625-0601.   mslinzy0@gmail.com
    (Telephone number and e-mail address)

3

## B. DEFENDANT(S) INFORMATION

Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."

Defendant 1:   City And County Of Denver
201 W. Colfax Ave. Denver Co, 80202
          (Name and complete mailing address)

720-865-9000
          (Telephone number and e-mail address if known)

Defendant 2    Denver Police Department
1331 Cherokee St. Denver Co, 80204
          (Name and complete mailing address)

720-913-2000
          (Telephone number and e-mail address if known)

Defendant 3:   Officer Heylie Montoya (Badge# 21067)
12025 East 45th Ave. Denver Colorado, 80239
          (Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
          (Telephone number and e-mail address if known)

4

Defendant 4:   Corporal Claire Isaacson (Badge# 16070)
12025 East 45th Ave. Denver Colorado, 80239
(Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail address if known)

**A. DEFENDANT(S) INFORMATION**

Defendant 5:   Officer Carolyn Wright (Badge# 22019)
12025 East 45th Ave. Denver Colorado 80239
(Name and complete mailing address)

720-913-1400 5.Dist@ D denvergov.org
(Telephone number and e-mail address if known)

Defendant 6:   Officer Matthew Keeling (Badge# 20019)
12025 East 45th Ave. Denver Colorado 80239
(Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail address if known)

Defendant 7:   Officer Kerri Misiano (Badge# 21018)
12025 East 45th Ave. Denver Colorado 80239
(Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail address if known

Defendant 8:   Officer Andre Gonzales (Badge# 21069)
12025 East 45th Ave. Denver Colorado 80239
(Name and complete mailing address)

5

720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail address if known)

**B DEFENDANT(S) INFORMATION**

Defendant 9: Officer Gregory Black (Badge# 15004)
12025 East 45th Ave. Denver Colorado 80239
(Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail address if known)

Defendant 10: Sergeant Chad Kuroda (Badge# 01062)
12025 East 45th Ave. Denver Colorado 80239
(Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail address if known)

Defendant 11: Sergeant Karl Roller (Badge# 94016)
12025 East 45th Ave. Denver Colorado 80239
(Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail address if known)

Defendant 12:   Sergeant Alan Ma (Badge# 13001)
12025 East 45th Ave. Denver Colorado 80239
          (Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
          (Telephone number and e-mail address if known)


### B. DEFENDANT(S) INFORMATION

Defendant 13:   Sergeant Matthew Trujillo (Badge# 07056)
12025 East 45th Ave. Denver Colorado 80239
          (Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
          (Telephone number and e-mail address if known)


Defendant 14:   Sergeant Jessica Sanchez (Badge# 07064)
12025 East 45th Ave. Denver Colorado 80239
          (Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
          (Telephone number and e-mail address if known)


Defendant 15.   Sergeant David Washechek (Badge# 04060)
12025 East 45th Ave. Denver Colorado 80239
          (Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
          (Telephone number and e-mail address if known)

7

## B. DEFEMDANT(S) INFORMATION

Defendant 16:   Sergeant Kevin M. Kirby (Badge# 06042)
12025 East 45th Ave. Denver Colorado 80239
(Name and complete mailing address)


720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail known)


Defendant 17:   Detective Crystal Raymond    (Badge# 07025)
12025 E 45th Ave Denver CO, 80239
(Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail address if known)


Defendant 18:   Sergeant James Armstrong Jr.(Badge# 06010)
12025 E 45th Ave. Denver CO, 80239
(Name and complete mailing address)

720-913-1400 5.Dist@denvergov.org
(Telephone number and e-mail address if known)

## B. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343. Claims arise under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and the Fourteenth Amendment's Due Process and Equal Protection Clauses

Precedent-Setting Significance: This case raises significant questions of federal constitutional law regarding the application of Hope v. Pelzer's obviousness exception to modern police scene management, digital documentation fraud, and data-driven municipal liability proofs—questions that warrant published guidance for the development of § 1983 jurisprudence in the digital age.

____ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

9

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

**C. STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

FACTUAL BACKGROUND

On May 31, 2024, at approximately 1:49 AM, Tyler Cella, a non-Denver resident, crashed his motorcycle on Interstate 70 eastbound in Denver, Colorado.

Nine minutes later, at 1:58 AM, Plaintiff Angela Nicole Linzy, also a non-Denver resident traveling from Denver to Aurora, collided with Mr. Cella's abandoned motorcycle that Denver Police officers had failed to clear from the active travel lane.

The collision disabled Plaintiff's vehicle and left her trapped in active traffic on Interstate 70 with oncoming vehicles approaching at highway speeds, creating an immediate life-threatening situation.

10

Multiple Denver Police officers were already on scene along with Fire and EMS, all positioned in the HOV lane of Interstate I-70 eastbound.

Hope v. Pelzer Framework Application: The constitutional violations that followed were so obviously unlawful that, under Hope v. Pelzer, "officials can still be on notice that their conduct violates established law even in novel factual circumstances". As the Supreme Court held, "it would be remarkable if the most obviously unconstitutional conduct [were] the most immune from liability only because it is so flagrantly unlawful that few dare its attempt".

CLAIM ONE: VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION (42 U.S.C. § 1983)

Supporting facts: Hope v. Pelzer Obviousness Framework Applied:

Individual Defendant Actions – Due Process and Equal Protection Violations:

OFFICER HAYLIE MONTOYA, Badge #21067 pulled her squad car across the Interstate at approximately 2:14 AM, she collected my driver's license establishing direct knowledge and special relationship, called a tow truck from her cell phone, positioned her patrol vehicle without adequate warning devices, yet deliberately omitted all mention of our interaction from police report GO#2024-288763, willfully depriving me of essential documentation necessary for insurance claims and legal remedies in violation of clearly established due process rights in a manner so obvious that any reasonable officer would recognize it as unconstitutional under Hope v. Pelzer.

CORPORAL CLAIRE ISAACSON, Badge #16070: At 2:38 AM can be seen and heard telling EMS transport that there are no officers available to assist me after Officer Montoya had been transported leaving me alone on the dark highway waiting for the tow truck while five officers were present. This abandonment of an injured motorist under state control represents the type of obviously unconstitutional conduct that Hope v. Pelzer was designed to address.

Isaacson authored 6 incomplete and falsified report statements across all three GO reports (2024-288763), (2024-288789), (2024-288806) systematically excluding my involvement abandoning injured motorist, demonstrating deliberate indifference to constitutional rights and showing discriminatory animus in a manner so obviously unconstitutional that no factually identical precedent is required under Hope v. Pelzer.

OFFICER CAROLYN WRIGHT, Badge #22019: Authored portions of GO#2024-288789 referring to Plaintiff only as "TU2" (deliberate dehumanizing designation), intentionally omitted

11

all collision details and injury information from official documentation, failed to take required victim statement despite department protocols, engaged in evidence falsifying reports in conduct so obviously unconstitutional that Hope v. Pelzer's obviousness exception applies.

OFFICER MATTHEW KEELING, Badge #20019: Participated in scene control and vehicle positioning with knowledge of Plaintiff's presence, deliberately failed to secure adequate lane protection despite obvious traffic dangers creating foreseeable harm, approved and coordinated systematic exclusion my presence from documentation GO#2024-288763, while ensuring other parties were properly recorded, demonstrating willful discrimination so obvious that any reasonable officer would recognize it as unconstitutional.

OFFICER ANDRE GONZALES, Badge #21069: Acknowledged over police radio that motorcycle was struck by another vehicle but provided no protection for me remaining in active lanes with protection. Also participated in coordinated omission of both non-resident victims, deliberately failed to follow Traffic Incident Management protocols, engaged in pattern of discrimination omissions that were so obviously unconstitutional that qualified immunity cannot apply under Hope v. Pelzer.

DETECTIVE CRYSTAL RAYMOND, Badge #07025: Specifically assigned to amend deficient reports but chose not to include my involvement despite having direct access to evidence, added only minimal vehicle descriptions while deliberately excluding personal information and injuries from GO#2024-288806, closed investigation without interviewing me despite speaking with me by phone, engaged in deliberate suppression of exculpatory information in a manner so obviously unconstitutional that Hope v. Pelzer's obviousness exception applies.

SERGEANT CHAD KURODA, Badge #01062: Reviewed and approved deficient report GO#2024-288763 containing systematic omissions, coordinated with other supervisors to suppress documentation of non-resident victims, self-approved his own deficient report in violation of department protocols, demonstrated supervisory acquiescence in constitutional violations so obvious that any reasonable supervisor would recognize them as unlawful under Hope v. Pelzer.

SERGEANT ALAN MA, Badge #13001: Supervised on-scene operations with direct knowledge of both victims but coordinated their systematic exclusion, approved incomplete documentation despite departmental requirements and constitutional obligations, participated in cover-up of constitutional violations, failed to ensure equal protection under law in conduct so obviously unconstitutional that no precedent is required under Hope v. Pelzer.

SERGEANT JESSICA SANCHEZ, Badge #07064: Issued coordinating directive during roll-call to "keep file inactive" orchestrating suppression of documentation, supervised multiple officers in systematic exclusion of non-residents, established and implemented discriminatory pattern affecting both victims, engaged in conspiracy to deprive constitutional rights that were so obviously unlawful that qualified immunity cannot apply under Hope v. Pelzer.

SERGEANT DAVID WASHECHEK, Badge #04060: Approved deficient reports with actual knowledge of systematic omissions, coordinated supervisory cover-up of constitutional violations with other command staff, ensured both non-resident victims remained excluded from official documentation, demonstrated deliberate indifference to constitutional rights in a manner so obviously unconstitutional that Hope v. Pelzer's obviousness exception applies.

CORPORAL KARL ROLLER, Badge #94016: Participated in supervisory review and approval of falsified reports, coordinated with other supervisors to maintain systematic exclusion, facilitated denial of constitutional rights to both non-resident victims, engaged in pattern of discrimination so obvious that any reasonable officer would recognize it as unconstitutional.

SERGEANT JAMES ARMSTRONG JR., Badge #06010: approved Detective Raymond's deficient report and electronically signed GO 2024-288763/288806 with full knowledge both non-resident victims were omitted, demonstrating command-level ratification of constitutional violations that were so obviously unlawful that qualified immunity cannot apply under Hope v. Pelzer.

OFFICER KERRI MISIANO, Badge #21018: Arrived on scene at 02:18 AM as "Unit 5C43," was on scene and witnessed me stuck on the highway. Officer MISIANO drove right by me to go after the fleeing DUI driver but never attempted to assist me before that. Misiano gave a detailed description of the DUI incident including Officer Montoya being rear ended, but deliberately omitted me from discretion. Just as other officers had done in conduct so obviously unconstitutional that Hope v. Pelzer's obviousness exception applies.

OFFICER GREGORY BLACK, Badge #15004: Served as secondary traffic officer who collected debris and moved motorcycle but deliberately never logged Plaintiff's vehicle or injuries, conspired with Officer Montoya stating "we'll keep it simple-just one rider, one bike" (evidencing purposeful discrimination), engaged in falsification and suppression of material facts, participated in evidence destruction in a manner so obviously unconstitutional that any reasonable officer would recognize it as violating clearly established law.

SERGEANT MATTHEW TRUJILLO, Badge #07056: Served as field supervisor for traffic investigations, reviewed Officer Montoya's first draft at 02:55 AM, returned it with "good to go" notation despite blank victim fields, deliberately closed crash classification as "Property Damage Only" despite knowledge of injuries, demonstrated supervisory ratification of constitutional violations so obvious that qualified immunity cannot apply under Hope v. Pelzer.

SERGEANT KEVIN M. KIRBY, Badge #06042: Assigned as Internal Affairs liaison to screen serious-injury crashes, reviewed incident next business day with access to ambulance CAD pings and tow slip bearing Plaintiff's name, observed blank injury documentation boxes, nevertheless marked event "no further action" and archived file. Engaged in institutional obstruction of justice

in conduct so obviously unconstitutional that Hope v. Pelzer's obviousness exception applies.

CLAIM TWO: STATE-CREATED DANGER DOCTRINE (42 U.S.C. § 1983)
Hope v. Pelzer Application to State-Created Danger:

The state-created danger doctrine, as recognized in multiple circuits, provides a clearly established constitutional rule that applies with obvious clarity to defendants' conduct. Under Hope v. Pelzer, the foreseeability of harm and defendants' deliberate indifference were so obvious that no reasonable officer could believe their conduct was lawful.

Plaintiff incorporates all preceding paragraphs by reference.

Defendant's affirmative acts created and escalated dangerous conditions that directly caused additional injuries when drunk driver Guillermo Francis-Vasquez struck Officer Montoya's inadequately positioned patrol car at 2:40 AM, pushing it into Plaintiff's vehicle in circumstances so obviously dangerous that any reasonable officer would recognize the constitutional violation under Hope v. Pelzer.

After establishing special relationships by collecting identification, directing emergency response, and taking control of the accident scene, defendants had constitutional duties to protect me from known dangers under the state-created danger doctrine that were so obviously established that Hope v. Pelzer's obviousness exception applies.

Each defendant's conduct shocked the conscience by: Officer Montoya positioning patrol vehicle without flares or adequate warning devices despite obvious highway-speed traffic danger; Corporal Isaacson not deploying extra officers standing around her to assist me or remove me from highway; multiple officers failing to secure scene or deploy safety equipment as I faced foreseeable harm in conduct so obviously unconstitutional that any reasonable officer would recognize the violation.

The General Insurance Company determined Francis-Vasquez was 100% at fault for this secondary collision, which was the direct and foreseeable result of defendant's conscience-shocking conduct in abandoning basic safety protocols in a manner so obviously unconstitutional that Hope v. Pelzer's obviousness exception applies.

CLAIM THREE: CIVIL CONSPIRACY TO INTERFERE WITH CONSTITUTIONAL RIGHTS (42 U.S.C. § 1985(3))
Hope v. Pelzer Framework for Civil Conspiracy:

The coordinated conspiracy to deprive constitutional rights alleged herein is so obviously unlawful that, under Hope v. Pelzer, qualified immunity cannot shield defendants even without factually identical precedent.

14

Plaintiff incorporates all preceding paragraphs by reference.

All eighteen defendants participated in a coordinated conspiracy evidenced by: Sergeant Sanchez's roll-call directive to "keep file inactive"; systematic identical exclusion of both Plaintiff and Tyler Cella while properly documenting other parties; coordinated approval of falsified reports by multiple supervisors across all three GO reports (2024-288763, 2024-288789, 2024-288806); pattern of discrimination affecting non-resident motorists exercising fundamental constitutional rights in conduct so obviously unconstitutional that Hope v. Pelzer's obviousness exception applies.

The conspiracy was motivated by class-based discriminatory animus against non-Denver resident motorists exercising their fundamental right to travel and receive equal police protection, as evidenced by identical treatment of both non-resident victims regardless of gender while providing full documentation to resident parties in conduct so obviously discriminatory that any reasonable officer would recognize it as unconstitutional.

### CLAIM FOUR: MUNICIPAL LIABILITY (42 U.S.C. § 1983 – MONELL)
Hope v. Pelzer and Municipal Deliberate Indifference:

The City and County of Denver maintained official policies, customs, and practices that were the "moving force" behind these constitutional violations. Under Hope v. Pelzer, the obviousness of these systematic failures makes municipal liability clear.

Plaintiff incorporates all preceding paragraphs by reference.

The City and County of Denver maintains official policies, customs, and practices that were the "moving force" behind these constitutional violations, including: deliberate failure to provide adequate Traffic Incident Management training (70% of officers untrained per 2023 audit); systematic rubber-stamping of crash reports without review (89% approved without proper oversight); customs of discrimination against non-residents requiring documentation that were so obviously inadequate that Hope v. Pelzer's obviousness exception applies.

Denver's deliberate indifference is demonstrated by: failure to implement 11 of 16 critical audit recommendations; documented settlement history involving similar constitutional violations; continued adherence to training programs known to be inadequate; obvious likelihood that inadequate training would result in constitutional violations so clear that Hope v. Pelzer's obviousness standard applies to municipal liability

### E. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

*E. REQUEST FOR RELIEF*

Compensatory damages: including medical expenses $100,000, future loss of earnings $600,000

Non-economic damages: $1,500,000 for pain and suffering (Colorado statutory maximum for 2025).

Punitive damages against all individual defendants for willful misconduct and indifference to constitutional laws and rights.

Permanent injunctive relief requiring mandatory Traffic Incident Management training, independent supervisory review, and equal protection policies.

Such other relief as the Court deems just and proper.

TOTAL DAMAGES REQUESTED: $2,200,000

### F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this

complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

7/25/25
_____
(Date)

(Revised February 2022)