Case No. 1:25-cv-01613-TPO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 SEP -3 PM 4: 22

# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01613-TPO

ANGELA NICOLE LINZY,

Plaintiff,

v.

CITY AND COUNTY OF DENVER, et al.,

Defendants.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND
AMENDED COMPLAINT**

---

*Plaintiff Angela Nicole Linzy, appearing pro se, respectfully submits this Opposition to
Defendants' Motion to Dismiss her Second Amended Complaint and states as follows:*

1

Case No. 1:25-cv-01613-TPO

# I. INTRODUCTION

*Contrary to Defendants' characterizations, Plaintiff has stated valid claims for relief under 42 U.S.C. § 1983 for violations of her constitutional rights to due process and equal protection. Plaintiff has exhaustively attempted to resolve these issues through all available administrative and informal channels prior to filing this lawsuit, only to be denied access, stonewalled, and affirmatively obstructed by City employees. The facts alleged, taken as true and viewed in the light most favorable to Plaintiff, establish plausible claims for constitutional violations that should survive this motion to dismiss.*

## II. PLAINTIFF EXHAUSTED ALL AVAILABLE PROCESSES PRIOR TO FILING SUIT

Defendants incorrectly assert that Plaintiff "failed to allege that she was denied either notice that such reports existed, access to such reports, an opportunity to request that the reports be amended, or an opportunity to obtain the omitted information by other means." This characterization is factually incorrect and legally insufficient to support dismissal.

Plaintiff made extensive good-faith efforts to resolve these matters administratively and through all available channels:

### A. Multiple Formal and Informal Records Requests .

Plaintiff and her previous attorneys made numerous written and verbal requests to the Denver Police Department for all crash and incident reports related to the May 31, 2024, accidents. These requests were repeatedly ignored, denied, or met with incomplete and non-responsive materials.

### B. Body Camera Footage Request and Payment

Plaintiff specifically requested body camera footage from Officer Haley Montoya and paid the required fee to the City. Despite full compliance with all procedural requirements and payment

Case No. 1:25-cv-01613-TPO

of fees, the City provided only previously produced footage that had already been sent to her
attorneys not the specific footage requested. When Plaintiff sought correction or refund, the City
retained her payment and refused any remedy.

### C. Attempted Internal Affairs Investigation

Plaintiff personally visited the Denver Police Department and attempted to initiate an internal
affairs investigation regarding her deliberate omission from crash reports and the officers' failure
to provide adequate assistance. Denver police officials refused to allow Plaintiff toallow Plaintiff
to file an internal affairs complaint or access any investigatory process.

### D. Phone Communications and Direct Requests for Correction

After receiving incorrect materials despite payment, Plaintiff called the Denver Police
Department to request correction and the proper records. The staff member was dismissive and
hostile. When Plaintiff requested the employee's badge number for accountability purposes, the
employee recited it so rapidly that it could not be recorded. Upon Plaintiff's reasonable request
to repeat the badge number more slowly, the employee abruptly terminated the call.

### E. Notice of Legal Intent

During her final phone call, Plaintiff clearly informed the DPD employee that the denial of her
lawful requests and the unprofessional conduct constituted violations of her rights that would
result in litigation if not remedied. Rather than provide assistance or escalate the matter
appropriately, the employee hung up immediately after being informed of potential legal action.

These facts demonstrate that Plaintiff was systematically denied notice, access, opportunity for
amendment, and alternative means of obtaining the omitted information, despite diligent and
repeated efforts through all formal and informal channels available.**

---

## III. DEFENDANTS' ARGUMENTS FAIL AS A MATTER OF LAW

Case No. 1:25-cv-01613-TPO

### A. Procedural Due Process Claim Is Adequately Stated

Defendants' argument that Plaintiff failed to allege inadequate state process is contradicted by the facts alleged. Plaintiff has detailed specific instances where she was denied:1. **Notice**: No notification was provided that official reports existed or that she had been omitted from them

2.   Access  : Multiple requests for reports and records were ignored, denied, or inadequately fulfilled

3.   Opportunity to be heard. : Attempts to file internal affairs complaints were rejected

4.   Alternative remedies. : Phone calls seeking correction were met with hostility and termination

The "process" offered by Defendants was illusory and inadequate. Courts recognize that due process requires not just theoretical availability of procedures, but meaningful access to those procedures in practice.

### B. Property and Liberty Interests Were Deprived

Contrary to Defendants' contentions, Plaintiff's omission from official crash reports deprived her of significant property and liberty interests:

1.   Insurance claims:  The omission foreclosed proper insurance processing and claims

2.   Legal remedies:   The absence from official records impaired her ability to seek legal redress

3.   Reputation and standing: The deliberate omission created a false official record

4.   Medical and financial consequences: The lack of documentation affected her ability to seek appropriate medical care and financial recovery

### C. Substantive Due Process and State-Created Danger

Case No. 1:25-cv-01613-TPO

The officers' conduct in abandoning Plaintiff at a dangerous accident scene, failing to provide adequate assistance, and then deliberately omitting her from official records to conceal their failures shocks the conscience and creates liability under the state-created danger doctrine.

   D. Monell Liability Is Properly Alleged

Plaintiff has alleged facts sufficient to establish municipal liability based on customs, policies, and practices that enabled and encouraged the constitutional violations described herein.

---

## IV. DISMISSAL AT THIS STAGE WOULD BE PREJUDICIAL AND PREMATURE

Plaintiff respectfully asserts that granting Defendants motion to dismiss at this preliminary stage prior to the Rule 26(f) discovery conference and before any exchange of information would be prejudicial and frustrate the purpose of the Federal Rules of Civil Procedure.

   A. Critical Evidence Is Solely in Defendants Possession

Many crucial facts supporting Plaintiff's claims are solely in the possession of Defendants and can only be uncovered through discovery, including:

- Internal police communications regarding the crash and Plaintiff's treatment

- The reasoning and decision-making process behind omissions in official reports

- Body camera and dashboard camera footage from all officers present

- Radio communications and dispatch records

- Supervisory communications and directives

- Training records and departmental policies

- Documentation of similar incidents and complaints

Case No. 1:25-cv-01613-TPO

- Internal reviews, audits, or investigations related to crash reporting accuracy

### B. Rule 12(b)(6) Should Not Preclude Discovery

A Rule 12(b)(6) motion tests the legal sufficiency of the pleadings, not the evidentiary merit, and should not be used to preclude litigation where material facts are unknown except to the defendants or will be clarified by discovery. To dismiss Plaintiff's claims **with prejudice** at this stage would effectively punish Plaintiff for lacking access to evidence deliberately withheld by Defendants and deny Plaintiff a fair opportunity to prove her case with the benefit of discovery, as contemplated by the Federal Rules.

### C. Leave to Amend Should Be Granted If Deficiencies Exist

Should the Court determine that any element of Plaintiff's pleadings is technically deficient or lacking in specificity, Plaintiff respectfully requests leave to amend her complaint after discovery has commenced, rather than foreclosing her claims prematurely and unjustly. The Federal Rules and the interests of justice favor resolving disputes on their merits, based on a full factual record, rather than through preliminary procedural rulings.

---

### V. QUALIFIED IMMUNITY DOES NOT APPLY

Defendants' qualified immunity argument fails because:

1. Constitutional violations are clearly established: The right to due process, including notice and meaningful opportunity to be heard, has been clearly established for decades

Case No. 1:25-cv-01613-TPO

2. Conduct was objectively unreasonable: No reasonable officer could believe that deliberately omitting a crash victim from official reports, denying access to those reports, and obstructing internal review processes was constitutionally permissible

3. Factual disputes preclude immunity at this stage: Qualified immunity determinations typically require factual development inappropriate for Rule 12(b)(6) motions

## VI. CONCLUSION

Plaintiff has adequately stated claims for constitutional violations under 42 U.S.C. § 1983. She has detailed extensive pre-suit efforts to resolve these matters administratively, all of which were denied or obstructed by Defendants. Dismissing these claims at this preliminary stage, before discovery and without the benefit of a full factual record, would be prejudicial and contrary to the interests of justice.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. DENY  Defendants' Motion to Dismiss in its entirety;

2. ALLOW  this case to proceed to discovery so that the full factual record may be developed;

3. In the alternative, if any technical pleading deficiencies are found,  GRANT Plaintiff leave to amend her complaint after initial discovery; and

4. AWARD  such other relief as the Court deems just and proper.

---

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, I served a true and accurate copy of the foregoing Opposition via E-mail to Defendants Representing Council  Mr. Bryan Kaufman.

Case No. 1:25-cv-01613-TPO

Respectfully submitted,

Angela Nicole Linzy (Pro Se)

15017 East Stanford Dr.

Aurora, CO 80015

720.520.2259

Email: mslinzy0@gmail.com

DATED: September 3, 2025