IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01613-TPO

ANGELA NICOLE LINZY,
Plaintiff

v.

CITY AND COUNTY OF DENVER, et al.,
Defendants.

---

### DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

---

## INTRODUCTION

Plaintiff brought this lawsuit against several Denver police officers, Heylie Montoya, Claire Isaacson, Carolyn Wright, Matthew Keeling, Kerri Misiano, Andre Gonzales, Gregory Black, Chad Kuroda, Karl Roller, Alan Ma, Matthew Trujillo, Jessica Sanchez, David Washechek, Kevin Kirby, Crystal Raymond, and James Armstrong, Jr. ("Defendant police officers") and the City and County of Denver ("Denver"). All Defendants hereby move to dismiss Plaintiff's operative Second Amended Complaint for failure to state a claim for which relief may be granted.

Plaintiff contends that there were three traffic crashes on May 31, 2024:

(1) a motorcyclist crashed his motorcycle in Interstate 70 in Denver; then
(2) Plaintiff crashed into the motorcycle; then
(3) a third driver rear-ended a police vehicle and pushed it into the vehicle in which Plaintiff had been driving.

(*See* ECF No. 25). Plaintiff generally alleges that Defendant police officers caused injuries to her person and her rights because:

(1) Denver police officers allowed the motorcycle to remain on the interstate for nine minutes after it crashed;
(2) a third driver rear-ended a police vehicle positioned behind Plaintiff's vehicle;
(3) Denver police officers left Plaintiff stranded in dangerous traffic conditions; and

1

(4) Denver police officers deliberately omitted Plaintiff from official crash reports despite her being involved in the collisions.

*See id.* Plaintiff asserts four claims for relief against the Defendant police officers and Denver for civil rights violations, claiming the officers conspired to falsify records and that the police department's systemic failures enabled this misconduct. *Id.*

## LEGAL STANDARD

The Federal Rules require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)). In considering whether the complaint's allegations are sufficient, the court first eliminates conclusory allegations, mere "labels and conclusions," and any "formulaic recitation of the elements of a cause of action." *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court then accepts as true all well-pled factual allegations and considers "whether they plausibly give rise to an entitlement to relief." Id. (quoting *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021). *Id.* at 607. In conducting this analysis, the court draws all reasonable inferences in favor of the plaintiff. *Id.* (citing *Truman v. Orem City*, 1 F.4th 1227, 1238 (10th Cir. 2021)).

## I.    CLAIM ONE – DUE PROCESS AND EQUAL PROTECTION VIOLATIONS

### A.  Plaintiff's allegations fail to state a due process claim.

A procedural due process claim consists of two elements:

(1) deprivation by state action of a protected interest in life, liberty, or property; and
(2) inadequate state process.

*Reed v. Goertz*, 598 U.S. 230, 236 (2023).

Plaintiff has alleged neither a deprivation nor inadequate state process. With respect to the first element, because Plaintiff is alive, and does not allege she was detained, arrested, or otherwise

in Defendant police officers' care or custody (to the contrary, Plaintiff alleges Defendant police officers "abandoned" her), she can only claim that she was deprived of property interests. The Complaint refers to "Plaintiff's vehicle" once, but does not allege that Plaintiff has an ownership interest in the vehicle she was driving. Even if Plaintiff owned the vehicle, she does not allege deprived her property interest in it. Regarding the alleged omission of information from written reports, Plaintiff failed to allege that any insurance claims were denied, or any specific legal remedies have been foreclosed. Thus, Plaintiff failed to allege a due process deprivation.

With respect to Defendant police officers' *processing* of written reports, "[t]he fundamental requisites of due process consist of notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Turney v. Fed. Deposit Ins. Corp.*, 18 F.3d 865, 868 (10th Cir. 1994). Here, Plaintiff failed to allege that she was denied either:

(a) notice that such reports existed;
(b) access to such reports;
(c) an opportunity to request that the reports be amended; or
(d) an opportunity to obtain the allegedly omitted information by other means, such as by email, letter, or affidavit.

Because Plaintiff failed to allege inadequate state process, she failed to state a procedural due process claim.

The standard for determining whether there has been a *substantive* due process violation is "whether the challenged government action shocks the conscience of federal judges." *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002) (quotations and citations omitted) (emphasis added). Negligence is not sufficient to shock the conscience. *Id.* at 1184. In addition, "a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998) (citation omitted). "Even knowingly permitting unreasonable risks to

continue does not necessarily rise to the level of conscience shocking." *DeAnzona v. City and County of Denver*, 222 F.3d 1229, 1235 (10th Cir. 2000) (citation omitted).

Here, Defendant police officers allegedly:

(1) had not yet removed a crashed motorcycle within approximately nine or fewer minutes of their arrival;
(2) had one of their police vehicles rear-ended by a third driver while they investigated the first two traffic crashes;
(3) left Plaintiff on the side of the road to wait for assistance, like any other motorist whose car breaks down or gets a flat tire; and
(4) made mistakes when completing written reports.

None of these allegations meet the extremely high "shocks the conscience" standard to state a substantive due process violation.

Plaintiff completely failed to state a Due Process violation.

**B. Plaintiff's allegations fail to state an equal protection claim.**

If the government action concerns fundamental rights or distinguishes between individuals based upon a suspect classification—such as race or national origin—the state action will be subject to strict scrutiny and will be upheld only if it is "narrowly tailored to further a compelling government interest." *Save Palisade FruitLands v. Todd*, 279 F.3d 1204, 1210 (10th Cir. 2002) (citation omitted). State action that distinguishes among groups based on "quasi-suspect" classifications, such as sex, are subject to an intermediate standard of review and will be upheld so long as the discriminatory means serves "important governmental objectives" and is "substantially related to the achievement of those objectives." *United States v. Virginia*, 518 U.S. 515, 532-33 (1996) (citation omitted). Where the state action does not implicate a fundamental right or draw a distinction based upon a suspect class, rational basis scrutiny applies, and the Court's inquiry will be directed to whether the classification is rationally related to a legitimate purpose. *See Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir. 2008) (citation omitted).

To state an arguable equal protection claim, a plaintiff must first make a "threshold showing" that he or she was treated differently from others with whom the plaintiff was similarly situated. *Brown v. Montoya*, 662 F.3d 1152, 1172-73 (10th Cir. 2011); *see also Matelsky v. Gunn*, 15 F. App'x 686, 689 (10th Cir. 2001) (unpublished) ("In the absence of any specific allegations of differential treatment, the Equal Protection claim is patently inadequate under any of the three equal protection theories—fundamental rights, suspect classification, or 'class of one'—and was properly dismissed as frivolous.") (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (Even in a "class of one" equal protection claim, the plaintiff must show that he "has been intentionally treated differently from others similarly situated")) (additional citation omitted).

Here, because Plaintiff failed to allege that police officers discriminated against her based on her inclusion in any protected class, rational basis scrutiny applies, and Plaintiff's burden to prove an equal protection violation is extraordinarily high. *See Wasatch Equality v. Alta Ski Lifts Co.*, 55 F.Supp.3d 1366 (D.Utah Sept. 23, 2014) (Courts afford significant deference to legislative decisions under rational basis review, and plaintiffs bear the burden of negating every reasonably conceivable basis that might support the classification.)

Plaintiff failed to negate every conceivable basis that might support the officers' actions. Plaintiff concedes that the motorcycle crashed just nine minutes prior to her collision with it. Considering this very short period, Plaintiff failed to allege:

(a) how long the officers were on scene prior to Plaintiff's collision;
(b) whether or when the police officers were near the motorcycle and were physically capable of removing it from the road;
(c) whether or when had sufficiently blocked traffic, making it safe to attempt to remove the motorcycle from the road;
(d) whether or when police officers collected sufficient evidence for their investigation of the original motorcycle accident; or
(e) whether the police required the scene surrounding the crashed motorcycle to be preserved before the motorcycle was moved.

Case No. 1:25-cv-01613-TPO    Document 35    filed 09/11/25    USDC Colorado    pg 6 of 12

Plaintiff also failed to allege facts establishing that the circumstances required Defendant police officers to take different actions to prevent the rear-ending – such as Defendant police officers' vehicles failing to collectively provide adequate notice of their presence – while investigating two related recent traffic accidents.

Perhaps most importantly, Plaintiff failed to allege how Defendants treated her and similarly situated Denver residents differently.

Plaintiff failed to state a claim for either a due process or equal protection violation, and Claim One should be dismissed.

II.     **CLAIM TWO – SUBSTANTIVE DUE PROCESS – STATE-CREATED DANGER**

The general rule is that the Due Process Clause imposes no duty on the state to aid or protect its citizens from private violence or other mishaps not attributable to the conduct of its employees. *See DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 193-94 (1989) (quotation and citation omitted). But there are exceptions to the general rule, such as when the state has assumed a special relationship with and control over an individual, as when the individual is in state custody. *Id.* at 198-200 (citations and quotations omitted). Additionally, under the state-created danger doctrine, a state actor must:

> (1) create the danger or render the victim more vulnerable to the danger
> (2) that *occasions the deprivation* of life, liberty, or property.

*Gray v. Univ. of Colorado Hosp. Auth.*, 672 F.3d 909, 927 (10th Cir. 2012) (emphasis added).

But neither:

> (1) negligent, i.e. unintentionally harmful, acts of either state or private actors, nor
> (2) an increased risk of danger without actual harm,

constitute a due process "deprivation" of life, liberty, or property. *See id.* at 928-29 (citations omitted).

And again, none of Plaintiff's allegations are conscience shocking. Plaintiff failed to state another due process claim, and Count Two should be dismissed.

### III.    CLAIM THREE – CONSPIRACY TO DEPRIVE EQUAL PROTECTION

To prove a private conspiracy in violation of the first clause of 42 U.S.C. § 1985(3), a plaintiff must show:

(1) that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action;" and
(2) that the conspiracy "aimed at interfering with rights" that are "protected against private, as well as official, encroachment."

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) (citations omitted).

First, Plaintiff failed to allege her membership in a class cognizable by equal protection law. Second, even if she did, 42 U.S.C. § 1985(3) requires a showing that the alleged animus be *because of* their membership in a protected class. *See Bray*, 506 U.S. at 269-70 (emphasis added). Plaintiff's allegations, however, fail to connect – perhaps by way of disparate treatment of, or articulated disdain for, non-Denver residents – Plaintiff's residency status and Defendant police officers' conduct.

Accordingly, Claim Three should also be dismissed.

### IV.    CLAIM FOUR – MONELL LIABILITY – MUNICIPAL CUSTOM OR POLICY

The Supreme Court held in *Monell v. Department of Social Services* that "person," as used in 42 U.S.C. § 1983, includes "municipalities and other local government units," more specifically, "local government units which are not considered part of the State for Eleventh Amendment purposes." *Mullins v. City of Colo. Springs*, 575 F.Supp. 3d 1360, 1374-75 (D.Colo. Dec. 15, 2021) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 691 & n.54 (1978)).

However, a local government unit can be liable for damages under 42 U.S.C. § 1983 only when

its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly

be said to represent official policy, *inflicts the [constitutional] injury*." *Id.* (citing *Monell*, 436 U.S.

at 694) (emphasis added).

Because, Plaintiff has failed to state a claim that any of her civil rights were violated, she

has failed to state a Monell claim regardless of Denver's policies or customs. Accordingly, Plaintiff

has also failed to state a claim that any Defendant, including Denver, is liable for any constitutional

injuries, and her Claim Four should be dismissed.

## V.    QUALIFIED IMMUNITY

### A. Defendant Police Officers Are Immune to Claims One and Two (Alleged Violations of 42 U.S.C. 1983).

Qualified immunity operates to ensure that before they are subjected to suit, officers are on

notice their conduct is unlawful. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). The salient question is

whether the state of the law at the time of an incident provided "fair warning" to Defendant police

officers "that their alleged [conduct] was unconstitutional." *Tolan v. Cotton*, 572 U.S. 650, 656

(2014) (alterations in original) (quoting *Hope*, 536 U.S. at 741). To do so, existing law must have

placed the constitutionality of Defendant police officers' conduct "beyond debate." *Dist. of*

*Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Where, as here, Defendants have moved for dismissal of 42 U.S.C. § 1983 claims –

specifically, Claims One, Two, and Four – under Rule 12(b)(6) based on qualified immunity, there

is a presumption that they are immune from suit. *Est. of Smart ex rel. Smart v. City of Wichita*, 951

F.3d 1161, 1168 (10th Cir. 2020) (quoting *Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016))

(alterations omitted). To overcome this presumption, Plaintiff must show:

(1) the defendant's actions violated a constitutional or statutory right; and

(2) that right was clearly established at the time of the defendant's complained-of conduct.

*Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021) (citation omitted). Courts have discretion to decide the order in which they address these two elements. *Roberts v. Winder*, 16 F.4th 1367, 1374 (10th Cir. 2021) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

To demonstrate that a right is "clearly established," Plaintiff must identify "an on-point Supreme Court or published Tenth Circuit decision," or show that "the clearly established weight of authority from other courts has found the law to be as Plaintiff maintains." *Perry v. Durborow*, 892 F.3d 1116, 1123 (10th Cir. 2018) (quoting *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015)) (alteration omitted). A general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful. *Thompson v. Ragland*, 23 F.4th 1252, 1255–56 (10th Cir. 2022) (quoting *Hope*, 536 U.S. at 741). Because they turn on a fact-bound inquiry, qualified immunity defenses are typically resolved at the summary judgment stage, but district courts may grant motions to dismiss on the basis of qualified immunity. *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). Nevertheless, asserting a qualified immunity defense via a Rule 12(b)(6) motion subjects Defendant police officers to a more challenging standard of review than would apply on summary judgment. *Id.* (citations omitted).

Plaintiff repeatedly cited a single case: *Hope v. Pelzer*, 536 U.S. 730 (2002). In *Hope*, the plaintiff was an inmate in an Alabama prison who alleged, via 42 U.S.C. § 1983, that the defendant prison guards violated the Eight Amendment when they tied him to a hitching post on two occasions after he got into altercations with another inmate and with a prison guard. 536 U.S. at 733-35. For the second occasion, the plaintiff took a nap during the morning bus ride to the chain gang's worksite, was less than prompt in responding to an order to get off the bus, exchanged

vulgar remarks with a guard and got into a physical altercation with a guard. *Id.* at 734. As a result of this behavior, the defendants subdued the plaintiff, handcuffed him, placed him in leg irons, and transported him back to the prison where he was put on a hitching post. *Id.* He was separated from his work squad and not given the opportunity to return to work. *Id.* at 738. Despite the clear lack of an emergency situation, the respondents knowingly subjected him to a substantial risk of physical harm, to unnecessary pain caused by the handcuffs and the restricted position of confinement for a 7–hour period, to unnecessary exposure to the heat of the sun, to prolonged thirst and taunting, and to a deprivation of bathroom breaks that created a risk of particular discomfort and humiliation. *Id.*

Under these circumstances, the United States Supreme Court held: "[W]e readily conclude that the respondents' conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known'" in light of:

(1) binding Eleventh Circuit precedent;
(2) an Alabama Department of Corrections (ADOC) regulation; and
(3) a DOJ report informing the ADOC of the constitutional infirmity in its use of the hitching post.

*Hope*, 536 U.S. at 741-42 (citing *Harlow,* 457 U.S. at 818).

Plaintiff's solely cited case, *Hope*, is not on point. Plaintiff was not in police custody and was not disciplined with corporal punishment. Moreover, Plaintiff failed to cite authorities to establish that can support a holding that her clearly established constitutional rights were implicated, much less violated.

As a matter of law, Defendant police officers are entitled to qualified immunity with respect to Claims One and Two.

**B. Defendant Police Officers Are Also Immune to Claim Three (Alleged Violation of 42 U.S.C. 1985(3)).**

Whether Defendant police officers can invoke qualified immunity against Plaintiff's alleged 42 U.S.C. § 1985(3) violations turns on the objective legal reasonableness of their acts. *See Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). And the reasonableness of their official actions, in turn, must be assessed in light of the legal rules that were clearly established at the time their actions were taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

An officer might lose qualified immunity even if there is no reported case directly on point, but in the light of pre-existing law, the unlawfulness of the officer's conduct must be apparent. *Anderson*, 483 U.S. at 640 (citations omitted). Otherwise, it would be difficult for officials reasonably to anticipate when their conduct may give rise to liability for damages. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984) (citation omitted).

Here again, Plaintiff's solely cited case, *Hope*, is not on point. Plaintiff was not in police custody and was not disciplined with corporal punishment. And Plaintiff failed to cite authorities to establish that can support a holding that her clearly established constitutional rights were implicated, much less violated.

As a matter of law, Defendant police officers are entitled to qualified immunity with respect to Claim Three.

## **CONCLUSION**

Plaintiff failed to state a single claim that Defendant violated her constitutional rights and Denver police officers are immune to Plaintiff's claims anyway. WHEREFORE, all Defendants respectfully request the Court dismiss Plaintiff's Second Amended Complaint.

DATED this 11th day of September, 2025.

Respectfully submitted,

11

*/s/ Bryan Kaufman*
Bryan Kaufman, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Direct Line: (720) 913-3304
bryan.kaufman@denvergov.org
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on September 11, 2025, I electronically filed the foregoing **DEFENDANTS'
MOTION TO DISMISS SECOND AMENDED COMPLAINT** with the Clerk of the Court
using the CM/ECF system and mailed a true and accurate copy of the same via USPS to the
following:

Angela Nicole Linzy
15017 East Stanford Dr.
Aurora, CO 80015
*Pro Se Plaintiff*

*s/ Jessie Foreman*_____
Denver City Attorney's Office