Case No. 1:25-cv-01613-TPO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 SEP 15 PM 4:02

# IN THE UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01613-TPO

ANGELA NICOLE LINZY,

Plaintiff

v

CITY AND COUNTY OF DENVER, et al.,

Defendants.

---

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

---

*Plaintiff Angela Nicole Linzy, appearing pro se, respectfully moves this Court for leave to file a supplemental brief in opposition to Defendants' Motion to Dismiss Second Amended Complaint. In support of this motion, Plaintiff states:*

## I. INTRODUCTION AND GOOD CAUSE

As a pro se litigant navigating complex constitutional law, Plaintiff inadvertently omitted critical Supreme Court and circuit precedent directly controlling the legal standards at issue in Defendants' Motion to Dismiss. These authorities are not merely cumulative but establish the foundational framework for analyzing due process violations, property interests, equal protection claims, and qualified immunity in cases involving systematic

Case No. 1:25-cv-01613-TPO

government data manipulation—precisely the constitutional violations alleged here. Good cause exists for this supplement because: (1) Plaintiff's pro se status resulted in an excusable oversight of controlling precedent; (2) the omitted authorities directly address the legal standards Defendants invoke in their motion; (3) this case presents issues of first impression regarding digital-age constitutional protections that warrant comprehensive legal analysis; and (4) consideration of these authorities will promote a fair and fully-informed resolution of constitutional questions with national implications.

## II. PRECEDENT-SETTING NATURE AND NATIONAL IMPORTANCE

This case has profound, precedent-setting implications for constitutional law and digital government accountability in Colorado and nationwide. Colorado crash report data is far more than an administrative tool—it is foundational to the functioning of government, individual justice, and public safety across nearly every sector: State Agencies (CDOT, DOR): Crash data is collected by law enforcement and submitted to the Department of Revenue (DOR), then normalized and analyzed by the Colorado Department of Transportation (CDOT). These agencies use crash data to prioritize and design safety improvements, determine high-risk locations, and develop traffic prediction models for highways and local roads.

- Law Enforcement: Crash reports form the legal record, crucial for risk management, officer training, and future investigations
- Insurance Companies: Must rely on the integrity of crash data to process claims, determine fault, and prevent fraud. Individuals cannot recover damages or defend claims without accurate reports.
- Government Funding: Crash data drives federal and state grant allocations, qualifies safety projects for funding, and supports insurance-fee based crash prevention programs. Engineers & Lawmakers:
- Policy, "Vision Zero" safety goals, and infrastructure redesigns depend directly on accurate, granular crash data to assess both needs and the effectiveness of legislative initiatives.
- Public Health and Academic Research: Crash reports are used to link traffic incidents to health outcomes, study injury prevention, and underpin research on community well-being and emergency response.
- Legal Evidence: Crash reports are required for insurance claims, criminal and civil litigation, and compliance with state and federal regulations. Missing or manipulated reports may permanently bar justice for victims.

- Broad Societal Impact: The reliability of Colorado crash data affects not only individuals but the entire system of insurance, government resource allocation, public health, and the fair administration of justice. When the accuracy or existence of crash records is compromised by government misconduct, the consequences spread far beyond any individual case

A. Digital-Age Constitutional Framework This Court's resolution will establish crucial precedent for how traditional constitutional doctrines apply to modern government data manipulation. As digital records increasingly determine citizens' access to fundamental rights—from insurance claims to legal remedies—this case will provide the constitutional framework for addressing systematic falsification of official records in the digital age.

B. National Police Accountability Standards. The decision will determine whether systematic record falsification combined with abandonment in dangerous conditions violates clearly established constitutional rights under the "obviousness" standard from Hope v. Pelzer. This precedent will guide police departments nationwide grappling with digital record integrity and constitutional accountability

C. Municipal Liability Evolution The Court's Monell analysis will establish standards for municipal liability when institutional customs enable systematic falsification of official records, providing crucial guidance for future police accountability litigation across federal courts.

WHEREFORE, Plaintiff respectfully requests that this Court:

GRANT this Motion for Leave to File Supplemental Brief;

ACCEPT and consider the attached supplemental brief (Exhibit A) in resolving Defendants' Motion to Dismiss;

RECOGNIZE the precedent-setting nature of these constitutional claims and the national importance of comprehensive legal analysis;

Case No. 1:25-cv-01613-TPO

ACKNOWLEDGE the good cause established by Plaintiff's pro se status and the critical nature of the omitted Supreme Court precedent.

Respectfully submitted, Angela Nicole Linzy

Angela Nicole Linzy, Pro Se

15017 East Stanford Dr.

Aurora, CO 80015

(720) 520-2259

mslinzy0@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel for defendants via Email 9/15/2025.

*[signature]*