IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01613-TPO

ANGELA NICOLE LINZY,
Plaintiff

v.

CITY AND COUNTY OF DENVER, et al.,
Defendants.

---

**DEFENDANTS' REPLY RE: DEFENDANTS' MOTION TO DISMISS
SECOND AMENDED COMPLAINT**

---

**INTRODUCTION**

Plaintiff brought this lawsuit against several Denver police officers, Heylie Montoya, Claire Isaacson, Carolyn Wright, Matthew Keeling, Kerri Misiano, Andre Gonzales, Gregory Black, Chad Kuroda, Karl Roller, Alan Ma, Matthew Trujillo, Jessica Sanchez, David Washechek, Kevin Kirby, Crystal Raymond, and James Armstrong, Jr. ("Defendant police officers") and the City and County of Denver ("Denver"). All Defendants hereby reply to Plaintiff's Opposition to Defendants' motion to dismiss Plaintiff's operative Second Amended Complaint for failure to state a claim for which relief may be granted.

**CLAIMS ONE AND TWO – DUE PROCESS AND EQUAL PROTECTION VIOLATIONS**

Plaintiff failed allege a constitutional deprivation. Of note, she still does not claim that she has an ownership interest in the vehicle she was driving, or that any Defendants caused any specific property or health insurance claims to be denied, or any specific legal remedies to be foreclosed.

With respect to Defendant police officers' *processing* of written reports, in order for Plaintiff to take the action listed in subsection II.C. of her initial Opposition, she had to know: (1)

1

that such reports existed; and (2) the contents of such reports, i.e. her identify information was "omitted." Plaintiff also does not claim this omission was never corrected; instead, Plaintiff claims in section III.A. of her initial Opposition that "[p]hone calls seeking correction were met with hostility and termination." In any event, Plaintiff still does not claim that she was denied an opportunity to obtain the allegedly omitted information by other means, such as by email, letter, or affidavit.

Moreover, none of the cases cited in Plaintiff's Opposition, as amended,[1] establish that Plaintiff's due process rights were violated. The *Logan* and *Matthews* cases pertain to property rights which were once conferred, whereas Plaintiff cannot establish that she has ever been conferred property rights regarding police reports. *Logan v. Zimmerman*, 455 U.S. 422, 432 (1982) ("While the legislature may elect not to confer a property interest, ... it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards....") (Citations omitted); *accord Matthews v. Eldridge*, 424 U.S. 319, 332 (1976) (An individual's interest in "continued receipt" of Social Security disability benefits is a property interest protected by the Fifth Amendment.). *Parratt* simply does not hold support Plaintiff's contention that she was constitutionally entitled to a hearing to determine the substantive adequacy of police reports.

With respect to her *substantive* due process claim, Plaintiff's initial Opposition clarifies her position that she does not claim Defendants violated her constitutional rights with respect to her collision with the crashed motorcycle. And again, none of the following currently claimed malfeasance shocks the conscience, or constitutes a more-than-negligent due process "deprivation" under the state-created danger doctrine:

---

[1] Assuming the *Sneeze* case exists, it is not properly cited, and the undersigned cannot locate it.

(1) leaving Plaintiff on the side of the road to wait for assistance, an experience shared by many motorists whose car has broken down or has had a flat tire; and
(2) making mistakes when completing written reports.

Inconvenience does not amount to a constitutional deprivation.

Finally, regarding her equal protection claim, Plaintiff acknowledges in her Opposition, as amended, that she must establish that she was treated differently than similarly situated persons, but she fails to allege that similarly situated Denverites have received more favorable treatment. Without alleging such comparable facts, Plaintiff has also failed to state an equal protection claim. Claims One and Two should be dismissed.

### CLAIM THREE – CONSPIRACY TO DEPRIVE EQUAL PROTECTION

Plaintiff's Opposition, as amended, abandons her conspiracy to deprive equal protection claim. Although section IV of her supplemental brief refers in passing to "Civil Rights Conspiracy," Plaintiff now alleges a conspiracy that violates 42 U.S.C. § 1983,[2] as opposed to 42 U.S.C. § 1985(3). Because, as discussed above, there Plaintiff failed to state an equal protection claim, Claim Three is also ripe for dismissal.

### QUALIFIED IMMUNITY

Plaintiff still has not stated a claim that any of her civil rights were violated, and still has not cited authorities supporting a holding that her clearly established constitutional rights were implicated, much less violated. Defendant police officers are immune to Claims One, Two, and Three and should be dismissed from this case.

---

[2] Assuming the *Taylor* case exists, it is not properly cited, and the undersigned cannot locate it.

### CLAIM FOUR – MONELL LIABILITY – MUNICIPAL CUSTOM OR POLICY

Again, because Plaintiff has failed to state a claim that any of her civil rights were violated, she has failed to state a *Monell* claim regardless of Denver's policies or customs. Denver should also be dismissed from this case.

### CONCLUSION

Plaintiff failed to state a single claim that any Defendants violated her constitutional rights, and Denver police officers are immune to Plaintiff's claims anyway.

WHEREFORE, Defendants respectfully renew their request to dismiss Plaintiff's Second Amended Complaint.

DATED this 30th day of September, 2025.

Respectfully submitted,

*/s/ Bryan Kaufman*
Bryan Kaufman, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, CO 80202
Direct Line: (720) 913-3304
bryan.kaufman@denvergov.org
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on September 30, 2025, I electronically filed the foregoing **DEFENDANTS' REPLY RE: DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system and mailed a true and accurate copy of the same via USPS to the following:

Angela Nicole Linzy
15017 East Stanford Dr.
Aurora, CO 80015
*Pro Se Plaintiff*

                                          *s/ Jessie Foreman*_____
                                          Denver City Attorney's Office