FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

25 SEP 30 PM 4:09

IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLORADO

Case No. 1:25-cv-01613-TPO

Angela Linzy,

Plaintiff,

v.

City and County of Denver, et al.,

Defendants.

---

## MOTION TO COMPEL PRODUCTION OF INTERNAL AFFAIRS RECORDS AND FOR SANCTIONS DUE TO SPOLIATION OF EVIDENCE

---

*Plaintiff, Angela Nicole Linzy, respectfully moves this Court for an order compelling Defendants to produce all records related to Plaintiff's Internal Affairs (IA) investigation concerning the events of May 31, 2024 and associated conduct by Denver Police Department officers, and for sanctions as appropriate for spoliation and mishandling of critical evidence. In support of this motion, Plaintiff states as follows:*

### 1. Background and Timeline of Events.

Since May 31, 2024, immediately after the incidents at issue, Plaintiff persistently sought to file a police report and obtain documentation about the events. This included multiple in-person visits, calls, and outreach efforts to numerous officers and oversight agencies—each resulting in frustration, delay, and no meaningful response. On February 22, 2025, Officer Mark (sometimes using the name "Tyler") Blakely first contacted Plaintiff by email, introducing himself as the IA investigator assigned to the case. Plaintiff, surprised at this belated assignment, questioned the legitimacy and purpose of the contact and communications. On March 2, 2025, after months of unaddressed complaints, Plaintiff replied in frustration, making clear her skepticism about DPD's intentions and the credibility of the officer contacting her. Plaintiff explicitly stated that Blakely could "conclude [his] communication" with her—not that any investigation or case should be

1

withdrawn or closed. Plaintiff did not request withdrawal or closure of any Internal Affairs file. Despite this, Officer Blakely subsequently kept in contact and advised Plaintiff that the investigation was ongoing and that results would be sent upon conclusion. Plaintiff and Blakely communicated up until July/August 2025, when Blaksely transferred out of IA and ceased responding.

## 2. Improper Investigation Closure and Discovery of Spoliation

No notification or Indication of investigation closure was given to Plaintiff until September 2025, when Plaintiff contacted Internal Affairs Bureau to inquire about the investigation Sergeant Kim Trudell contacted Plaintiff and informed Plaintiff she had taken over the case (even though Mark Blakeley had not mentioned that anyone else was assigned to the case in his August 4, 2025 email). Kim Trudell also stated that the investigation had just wrapped up and would be given over to the OIM for final review. Plaintiff inquired about how long the OIM would have the case due to an on going Federal Lawsuit that will require that P2025-0104 would be used as discoverable evidence in the near future. Kim trudell said she was unsure. On September 24, 2025 3 days after speaking with Kim Trudell Plaintiff received an email IA investigation had been closed. On September 29, 2025 Kim Trudell returned Plaintiffs call inquiring why the investigation was closed sighting Plaintiff requested withdrawal of the case. Kim Trudell said it was based solely on the March 2, 2025 email. This notification came long after the alleged closure and only after Plaintiff proactively contacted IA regarding the status, as discovery in this litigation neared. Plaintiff asserts that the March 2 email expressly did not request withdrawal or closure, and that this recent claim is demonstrably false and a retroactive attempt to justify improper evidence withholding. The closure and subsequent concealment of the IA file occurred only after litigation commenced, and all such records are directly relevant to Plaintiff's federal claims.

## 3. Legal Standard and Spoliation

Under Fed. R. Civ. P. 26 and 37, parties have a duty to preserve and produce all potentially relevant evidence, including IA investigation files. Spoliation occurs when parties destroy, withhold, or otherwise render unavailable evidence they know or should know is relevant to ongoing or reasonably anticipated litigation. Here, Defendants' actions have deprived Plaintiff—and the Court—of key investigatory documents, potentially affecting the ability to prove Plaintiff's claims.

## 4. Relief Requested

Plaintiff asks the Court to:

a. Order Defendants to produce the entire IA investigative file and all related correspondence, including internal communications regarding the purported closure/withdrawal;

b. If the file or portions are now unavailable, impose sanctions as appropriate, including (but not limited to) adverse inference instructions, monetary penalties, or evidentiary restrictions;

c. Require Defendants to certify that no other relevant evidence has been destroyed, withheld, or altered. WHEREFORE, Plaintiff respectfully requests that this Motion to Compel and For Sanctions Be Granted, and for further relief as the Court deems just.

Certificate of Service hereby certify that on this 30th day of September, 2025, a copy of the Motion to Compel was served upon the following parties or their counsel of record by email at

bryan.kaufman@denvergov.org

Respectfully submitted,

Angela Linzy (Pro Se)

15017 E Stanford Dr. Aurora, CO 80015

720.520.2259

mslinzy0@gmail.com