IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01613-TPO

Angela Nicole Linzy,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, et al.

    Defendants.

---

### DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants City and County of Denver, Denver Police Department, Heylie Montoya, Claire Isaacson, Carolyn Wright, Matthew Keeling, Kerri Misiano, Andre Gonzales, Gregory Black, Chad Kuroda, Karl Roller, Alan Ma, Matthew Trujillo, Jessica Sanchez, David Washechek, Kevin Kirby, and Crystal Raymond (individually or collectively, "Defendants"), by and through counsel move to stay discovery and delay the entry of a scheduling order until resolution of Defendants' Motion to Dismiss, and in support states as follows:

### CERTIFICATION CONCERNING CONFERRAL

Counsel for Defendants has conferred with counsel for Plaintiff regarding this Motion. Plaintiff opposes.

### INTRODUCTION

Plaintiff asserts that Defendants violated her constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985. Defendants have moved to dismiss the operative Complaint in its entirety, and in doing so, have asserted qualified immunity. The motion has the potential to significantly

tailor the scope of this case and dispose all or some Defendants from the matter altogether. Defendants request that discovery be stayed until the bounds of the claims at issue are known and their motion to dismiss is ruled upon.

## STANDARD OF REVIEW

The trial court has discretion to stay discovery during a proceeding. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). The trial court's authority to stay discovery "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When determining whether to exercise its discretion to grant a stay, courts in this district consider the following factors: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Talmadge v. Berkley Nat'l Ins. Co.*, 687 F. Supp. 3d 1089, 1093 (D. Colo. 2023) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). A stay is appropriate when the question of qualified immunity is raised. *Johnson v. Fankell*, 520 U.S. 911, 915 (1997).

Courts in this district and across the country have routinely stayed discovery pending motions to dismiss that raise issues of qualified immunity or would impact the viability of the lawsuit. *See, e.g.*, *Dawson v. Cont'l Ins. Co.*, No. 13-CV-03511-PAB- KMT, 2014 WL 1210285, at *1 (D. Colo. Mar. 24, 2014) (collecting cases granting stay pending resolution of dispositive motions); *Smith-Bey v. Reid*, No. 08-CV-01356- DME-KLM, 2008 WL 5216247, at *1 (D. Colo. Dec. 11, 2008) (collecting cases granting stay pending resolution of asserted qualified immunity

defense).

## ARGUMENT

Defendants Motion to Dismiss, the case's procedural posture and the *String Cheese Incident* factors weigh in favor of granting a stay.

### Factor One:

There is no potential prejudice to Plaintiff if there was a delay in the proceedings. While Plaintiff certainly has an interest in proceeding expeditiously with this suit, as do all plaintiffs, she does not have an interest specific to her in moving the proceeding forward. Concerns regarding the impact of time's passage on litigation are generalized concerns that always apply. *Quint v. Vail Resorts, Inc.*, No. 20-CV-03569-DDD-GPG, 2021 WL 9079374, at *2 (D. Colo. Oct. 8, 2021). Because there is no potential prejudice to Plaintiff were a stay to be entered, the first *String Cheese Incident* factor weighs in favor of a stay.

### Factor Two:

Defendants will face an undue burden should discovery proceed. They have raised issues of qualified immunity in their motion to dismiss, which "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Despite the possibility that the case may be dismissed, Defendants have provided initial disclosures and have responded to Plaintiff's document requests in discovery, and Plaintiff has indicated she intends to continue to pursue additional documents and information. Defendants contend that their motion to dismiss may entitle them to avoiding the burdens of litigation, so the second *String Cheese Incident* factor weighs in favor of a stay.

**Factor Three:**

A stay of discovery will prevent the Court from undertaking duplicative and unnecessary work. "The next stage of the proceedings, if a stay is not imposed, would be entering a scheduling order and proceeding with discovery, which may be a waste of time and resources should the motion(s) to dismiss tailor the action." *CSMN Invs., LLC v. Cordillera Metro. Dist.*, No. 17-CV-2512-RM-GPG, 2018 WL 10582184, at *2 (D. Colo. Feb. 3, 2018). "However, when discovery is stayed, scheduling and discovery issues will not be raised and will not take time from the Court that could be used to address other cases. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Chapman*, 2015 WL 4574863, at *3; *Thomas v. Rogers*, No. 19-CV-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019) ("[I]t is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward."); *Harris v. United States*, No. 09-CV-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010). Staying discovery until both the Court and the parties know what discovery is necessary is the most efficient and convenient path. *See, e.g.*, *Abdulmutallab v. Sessions*, No. 17-CV-02493-RM-KMT, 2018 WL 11225175, at *2 (D. Colo. Feb. 8, 2018) (finding "that any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial resources that would result from allowing discovery to proceed only to have a large portion of the case subsequently dismissed on the grounds raised in the motions to dismiss"). Therefore, the third *String Cheese Incident* factor weighs in favor of a stay.

**Factor Four:**

There are no third parties whose interests are implicated by this case or by a stay of

discovery. Thus, the fourth *String Cheese Incident* factor weighs neither for nor against a stay.

**Factor Five:**

It is in the public's best interest to grant a stay of discovery. There is "a strong public policy behind the qualified immunity doctrine," which includes "avoiding unnecessary expenditures of public and private resources on litigation." *Chapman*, 2015 WL 4574863, at *4. Specifically, "the general public's primary interest in this case is an efficient and just resolution," and "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Thomas v. Rogers*, No. 19-CV-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court enter an order staying discovery pending the Court's resolution of Defendants' pending motion to dismiss.

DATED this 17th day of December 2025.

Respectfully submitted,

By: *s/ Bryan Kaufman*
Bryan Kaufman, Esq.
Assistant City Attorneys
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202
Telephone: (720) 913-3100
Bryan.kaufman@denvergov.org
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December 2025, the foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY** was filed with the Clerk of the Court via the CM/ECF system which will send a notification of such filing to the following:

Angela Nicole Linzy
15017 E Stanford Drive
Aurora, CO 80015
*Pro Se Plaintiff*

*s/ Jessie Foreman Nava*
Denver City Attorney's Office

6